**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) | Case No. 1:22-cv-00032 |
| | ) | |
| | ) | Judge J. Philip Calabrese |
| Plaintiff, | ) | |
| | ) | Magistrate Judge |
| v. | ) | William H. Baughman, Jr. |
| | ) | |
| BROAN NUTONE LLC, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>OPINION AND ORDER</u>**

Allstate Indemnity Company filed suit in State court against Broan Nutone LLC, which designed and manufactured a bathroom exhaust fan that allegedly failed, resulting in damages to Allstate's insured in excess of $100,000.  Defendants removed the case to federal court and moved to dismiss on the ground that Plaintiff's complaint contained little more than a conclusory recitation of the elements of the causes of action, contrary to the pleading standard of Rule 8.  In response to Defendants' motion to dismiss, Plaintiff moved to amend the complaint and opposes dismissal.  Defendants seeks dismissal, arguing amendment is futile.

**BACKGROUND**

**A.     State-Court Complaint**

According to the original complaint filed in State court, Plaintiff Allstate Indemnity Company insured Nicole Depiero, who owned a Broan Nutone brand 636N"B" bathroom exhaust fan at her house in Brunswick, Ohio.  (ECF No. 1-1, ¶ 1, PageID #8.)  On January 7, 2020, the fan "failed as a result of a defective component

parts [*sic*]" causing a fire and resulting in damages in excess of $100,000.  (*Id.*, ¶¶ 5 & 6, PageID #9.)   In the complaint, Plaintiff named Broan Nutone LLC as a Defendant "and/or Defendant John Doe Manufacturer."  (*Id.*, ¶¶ 2 & 3, PageID #8.)

Plaintiff alleged that the fan was "defective at the time it left the hands of Defendant[s]."  (*Id.*, ¶ 6, PageID #9.)  Beyond that allegation, the complaint alleges only that the fan had not been altered from its original condition before the fire.  (*Id.*, ¶ 9.)  It contains no other material factual averments.  Based on these allegations, Plaintiffs assert claims under the Ohio Product Liability Act for design defect, manufacturing defect, inadequate warnings, and failure to conform to representations.  (*Id.*, ¶¶ 15–18, PageID #10.)

**B.      Proposed Amended Complaint**

In the proposed amended complaint, Plaintiff includes additional facts to support the allegations initially asserted in State court.  For example, Plaintiff alleges that Depiero discovered a fire in her bathroom coming from "the Broan exhaust fan" at 3:45 am.  (ECF No. 8-2, ¶ 7, PageID #70.)  Further, she did not previously have any electrical issues or recent construction or repairs.  (*Id.*, ¶ 8.)  An investigation determined that the fire originated with electrical fault or arching on the internal conductors contained within the coil windings of the exhaust fan's motor.  (*Id.*, ¶ 9.)  In other words, the investigation determined that overheating of the fan's motor coil ignited nearby combustible materials, causing the fire.  (*Id.*, ¶ 12.)  Further, the investigation ruled out other causes of the fire.  (*Id.*, ¶¶ 10 & 11.)

Under the proposed amended complaint, Plaintiff still asserts claims under the Ohio Product Liability Act for design defect, manufacturing defect, inadequate

warnings, and failure to conform to representations (now labeled as a claim for breach of warranty). (*Id.*, ¶¶ 17–55, PageID #71–77.) Beyond the facts already mentioned, the proposed amendment identifies a number of possible design defects that caused or contributed to the fire, from electrical components in the fan's motor or the insulation in the motor to the absence of proper safety features or inadequate testing. (*Id.*, ¶ 22(a)–(h), PageID #71–72.) With respect to the manufacturing defect claim, the proposed amendment alleges inadequate inspection of the fan before its sale, and inadequate quality control measures in the manufacturing process. (*Id.*, ¶ 30, PageID #73.)

As for inadequate warnings, the proposed amendment alleges that the fan lacked an adequate warning of the risk of overheating if left on for an extended period. (*Id.*, ¶ 42, PageID #75.) Finally, the breach of warranty claim in the proposed amendment alleges that Defendants breached the express or implied warranties that accompanied sale of the exhaust fan, though it does not identify specific language of an express warranty. (*Id.*, ¶¶ 49 & 52, PageID #76.)

## ANALYSIS

To withstand a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "states a claim for relief that is plausible, when measured against the elements" of the cause of action asserted. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d

338, 345–46 (6th Cir. 2016)). To meet Rule 8's pleading standard, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To state a claim, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555.

In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the factual allegations of the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). In reviewing a motion to dismiss, the Court distinguishes between "well-pled factual allegations," which it must treat as true, and "naked assertions," which it need not. *Iqbal*, 556 U.S. at 628. The Court will also not accept as true "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

## I.    Amendment

Rule 15 directs courts to give leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *Doe v. Michigan State Univ.*, 989 F.3d 418, 426 (6th Cir. 2021). Absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice, or futility, courts should freely grant leave to amend. *Doe v. College of Wooster*, 243 F. Supp. 3d 875, 884–85 (N.D. Ohio 2017) (citing *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)).

In this case, Defendants oppose amendment on grounds of futility.  A proposed amendment is futile unless it can survive a motion to dismiss under Rule 12(b)(6).  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).  Because Defendants' futility argument overlaps with the question whether the proposed amendment states a claim for relief, the Court analyzes whether the proposed amended complaint meets the pleading standard under Rule 8.

## II.      Motion to Dismiss

Defendants argue that the factual allegations in the proposed amendment amount to little more than a conclusory recitation of the elements of Plaintiffs' claims under State law.  Although the original complaint filed in State court suffered from this infirmity, the proposed amendment does not.  It sets forth facts, if taken as true, which plausibly state a claim for relief against Defendants.

### II.A.  Plaintiffs' Claims under State Law

The proposed amendment includes facts that, if true, appear to rule out causes other than the products liability claims asserted.  Depiero did not have work done on the bathroom, and he did not experience any electrical issues before the fire.  (ECF No. 8-2, ¶¶ 8, PageID #70.)  Further, the proposed amendment describes an investigation purporting to identify the exhaust fan as the cause of the fire.  (*Id.*, ¶ 9.)

Defendants argue that the investigation on which Plaintiff relies amounts to little more than junk science that cannot support liability.  (ECF No. 11, PageID #105.)  Perhaps.  But the pleading stage does not present the opportunity for a Rule 702 motion.  Indeed, the case on which Defendants rely came on summary judgment.  At this stage of the proceedings, the investigation along with the other basic facts

alleged suffice to state claims for relief.  Perhaps, as Defendants maintain, improper installation bears responsibility for the fire, not a product defect.  But the proposed amendment states claims for relief under Ohio law.

Defendants argue that the mere fact that an exhaust fan quit working does not support a claim for a manufacturing defect.  But the proposed amendment alleges more.  Specifically, it pleads that aspects of the manufacturing process—namely inadequate inspection or quality control—caused or contributed to the fire.  (ECF No. 8-2, ¶ 30, PageID #73.)  Likewise, Defendants argue that the proposed amendment alleges only that the exhaust fan was defective in its design.  In fact, however, the proposed amendment pleads more.  Among other things, it identifies a number of possible design defects that caused or contributed to the fire, from electrical components in the fan's motor or the insulation in the motor to the absence of proper safety features or inadequate testing.  (*Id.*, ¶ 22(a)–(h), PageID #71–72.)  Again, Plaintiff might prove incorrect in its claims.  But the proposed amendment states a claim for design defect.

With respect to inadequate warning or instruction, the proposed amendment recites that the "exhaust fans lacked a necessary and adequate warning calculated to reach the end user and consumer" that (a) "the fan motor could overheat, fail and result in a fire if left on for an extended period of time" or (b) "the exhaust fans were significantly more prone to failure." (*Id.*, ¶ 42, PageID #75.)  Contrary to Defendants' claim, these allegations give sufficient notice under Rule 8 and state a claim for relief under Section 2307.76 of the Ohio Revised Code.

As for the claim that the product failed to conform to representations, Defendants point out that the proposed amendment fails to attach product literature or warnings or to plead reliance on those representations.  (ECF No. 11, PageID #105.)  In this regard, the proposed amendment appears to plead that the product breached warranties implied by law.  Defendants do not argue that a claim under Section 2307.77 cannot proceed on such a theory.  Therefore, the Court concludes that this count of the proposed amendment states a claim.

Finally, Defendants detail a number of facts purportedly missing from the proposed amendment and rendering amendment futile, such as the date fan was manufactured, the date it was purchased, or when it was installed.  (ECF No. 11, PageID #105.)  These are not elements of the claim.  Similarly, Defendants seize on the allegation that nearby combustibles caused the fire.  (*Id.*, PageID #104 & #107.)  But the inference from the proposed amendment is that those nearby combustibles are insulation or other materials that are part of the fan unit (that is, associated with the fan's design or manufacture) or that are ordinarily found in the area in a bathroom where the fan is typically installed.  (*See* ECF No. 8-2, ¶ 12, PageID #70.)

Further, Defendants argue that State and local building codes suggest that the fire resulted from inadequate or improper installation of the fan.  (ECF No. 11, PageID #106.)  Perhaps so.  But Rule 8 does not require Plaintiff to *prove* causation at the pleading stage, just to provide sufficient facts to state a claim for relief.  In the end, the proposed amendment, though perhaps not as robust or fulsome in some respects as Defendants might like, states claims for relief under the Ohio Products

Liability Act and pleads sufficient facts not just to state the various claims asserted but also to put Defendants on notice of the basis for the claims and the defense they must mount.

### II.B.  Identity of the Manufacturer

Defendants imply that the proposed amendment fails to identify the manufacturer of the exhaust fan at issue, though they do not expressly so argue. (ECF No. 11, PageID #105.)  In fairness, the proposed amendment alleges that the exhaust fan at issue "was designed and manufactured by Defendant Broan and/or Defendant John Doe Manufacturer."  (ECF No. 8-2, ¶ 5, PageID #70.)  Further, it identifies the product at issue, a "Broan Nutone brand 636N'B' bathroom exhaust fan."  (*Id.*, ¶ 4.)  While it will matter under Ohio law whether Broan Nutone manufactured the fan at issue, as opposed to just supplying it, *see* Ohio Rev. Code § 2307.78, for now that distinction does not matter much, *see id.* § 2307.78(B).

### CONCLUSION

For these reasons, the Court **GRANTS** the motion to amend (ECF No. 8) and **ORDERS** Plaintiff to file and serve the first amended complaint forthwith.

**SO ORDERED.**

Dated:  May 2, 2022

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio